Stuart Price, Esq. (SBN: 150439)
**Price Law Group, APC**
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
stuart@pricelawgroup.com
*Attorneys for Plaintiff,*
*Evelyn M. Mcleod*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN M. MCLEOD, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL CREDIT CONTROL AGENCY INC., <br><br> Defendant. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> 1. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.***; and** <br> 2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788** *et seq.* |

## INTRODUCTION

1.  Plaintiff, Evelyn M. Mcleod ("Plaintiff"), by and through her attorneys, brings this action to secure redress from unlawful credit and debt collection practices engaged in by Defendants National Credit Control Agency Inc. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

("FDCPA"); and the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788 *et seq.* ("RFDCPA").

## VENUE AND JURISDICTION

2. Plaintiff resides in the State of California; therefore, personal jurisdiction is established.

3. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## PARTIES

5. Plaintiff is a natural person who resides in City of Lakewood, Los Angeles County, California.

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and "debtor" as defined by CAL. CIV. CODE § 1788.2(h).

7. Defendant, National Credit Control Agency (hereinafter "NCCA"), is a California company, headquartered in Los Angeles, CA, with its mailing address at 4032 Wilshire Blvd, Suite 401, Los Angeles, CA 90010, and is a business entity registered to do business in California.

8. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and CAL. CIV. CODE § 1788.2(c).

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

10. Plaintiff is informed and believes, and on that basis alleges, that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. On or about June 2014, Plaintiff was admitted into Cardiac Anesthesia Inc. to receive medical treatment. On or about May 2, 2015, Plaintiff received two statements from Cardiac Anesthesia with regards to account number 1040145 ("Account"), the first statement showing zero ($0.00) amount due, and the second statement stating: "We have billed your insurance carrier and have received payment for $0.00 of $3.450 total charges. After write offs the balance payable by you is $354.80."

12. In or around August 2015, Plaintiff started receiving calls from a representative of NCCA named "C. Myers", in an attempt to collect on the Account. Plaintiff spoke with Myers and asked Myers to give her a detailed statement of the debt clarifying what she owed. Plaintiff did not receive an official statement from Myers until November 2015. On or about November 23, 2015,

13. Plaintiff received two statements from NCCA in the mail. The first statement, dated November 23, 2015, shows an amount due of $3,949.07, whereas the second statement, dated the same day, shows a different amount due. It appears that both statements were sent in the same day from NCCA but showing different amounts of the debt.

14. The statements sent by NCCA reflected showing different balances, and there was no calculation as to how NCCA arrived at an interest rate of 10%.

15. The December 3, 2015 letter improperly accused Plaintiff of committing "Fraud!" among stating other threatening statements.
16. NCCA continued to send various letters to Plaintiff in February and March 2016 alleging that Plaintiff committed fraud and threatening to send Plaintiff's account to the legal department for further processing of the fraud charges.
17. Furthermore, C. Myers orally threatened to sue on more than one occasions beginning in November of 2015. As of the date of this complaint, no lawsuit has been filed against Plaintiff.
18. Upon information and belief, on the correspondences dated: November 23, 2015, December 3, 2015, January 6, 2016, February 4, 2016 and February 12, 2016 failed to include the proper mini-miranda disclosure informing the client the communication was form a debt collector.
19. As a result of Defendants' conduct, Plaintiff has suffered actual damages and out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, emotional, mental pain and anguish.

### COUNT I – FIRST CLAIM FOR RELIEF
### DEFENDANT NCCA VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. §1692 *et. seq.*

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.
20. Defendant violated 15 U.S.C. § 1692e which states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Specifically, Defendant is in violation of the following:

   a. 15 U.S.C. § 1692e(2) states that a debt collector may not make a false representation as to the character, amount, or legal status of any debt.

   b. 15 U.S.C. § 1692e(5) states that a debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken.

   c. 15 U.S.C. § 1692e(7) which prohibits the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

   d. 15 U.S.C. § 1692e(11) the failure to include in any communication that the communication is an attempt to collect a debt and any information will be used for that purpose.

21. Defendant violated the FDCPA when it sent two separate communications for the same account that reflected different balances in violation of 15 U.S.C. § 1692e(2)(A).

22. Defendant violated the FDCPA when it threatened to sue on more than one occasions without actually intending to sue in violation of 15 U.S.C. § 1692e(5).

23. Defendant violated the FDCPA when it accused Plaintiff of fraud if she didn't pay in violation of 15 U.S.C. § 1692e(7).

24. Defendant's acts were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

**COUNT II – SECOND CLAIM FOR RELIEF**
**DEFENDANT NCCA VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, (RFDCPA), CAL. CIV. CODE § 1788** *et. seq.*

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

COMPLAINT AND DEMAND FOR JURY TRIAL
-5-

26. Defendant violated California Civil Code § 1788.10(f) which states that a debt collector may not make a threat to take any action against debtor which is prohibited by the RFDCPA. Defendant willfully and knowingly violated the RFDCPA when it sent threatened to sue on more than one occasions without actually intending to sue.

27. Defendant violated California Civil Code § 1788.13(e) which states that a debt collector may not make a false representation that the consumer debt may be increased by the addition of service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the obligation. Defendant willfully and knowingly violated the RFDCPA when it sent two separate communications for the same account that reflected different balances.

28. Defendant violated California Civil Code § 1788.13(j) which prohibits any false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made. Defendant violated the RFDCPA when it accused Plaintiff of fraud in several communications and threatened legal action in a March 30, 2016 letter implying the debt would be increased by court costs, attorneys fees and interest.

29. Defendant violated California Civil Code § 1788.17 which states that every debt collector collecting or attempting to collect a consumer debt shall comply with the FDCPA, 15 U.S.C. § 1692b-j, inclusive, and shall be subject to the remedies of § 1692k therein.

30. Defendant's acts were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff under CAL. CIV. CODE § 1788.30 for actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    A. Actual damages;

    B. Statutory damages;

    C. Punitive damages;

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and CAL. CIV. CODE § 1788.30; and

    E. Such other and further relief as the Court deems proper.

//

//

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Evelyn M. Mcleod, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP, APC**

Dated: July 3, 2016                                                   By:*/s/ Stuart Price*

Stuart Price, Esq.
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-205-2466
stuart@pricelawgroup.com
*Attorneys for Plaintiff,*
*Evelyn M. Mcleod*